**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WOODROW FLEMMING,**

                        **Plaintiff,**

              **v.**                                        **9:06-CV-809**
                                                        **(FJS/RFT)**

**MRS. ROSADRO, Head of RMU Medical;**
**ANTHONY DURRANTE, Security, RMU Walsh**
**Medical; ANTHONY BOUCAUD, Deputy for**
**Administration, Upstate Correctional Facility;**
**DR. SHARMA, Head Medical Dr. at RMU Medical;**
**DR. BURDICK, Medical Doctor; LT. ADMIKS,**
**Hearing Lt. and acting Captain, RMU;**
**SGT. BISHOP, Sgt. for Security, Upstate**
**Correctional Facility; SGT. PIERCE, Security Sgt.,**
**RMU Walsh; N. SMITH, Nurse Administrator,**
**Upstate Correctional Facility; EVELYN**
**WEISSMAN, Head Medical Dr., Upstate**
**Correctional Facility; DEANA L. BUFFHAM,**
**Medical Medication Nurse, Upstate Correctional**
**Facility; NURSE BATIS, RMU Medical; LISA**
**O'BRYANT, Nurse, RMU Walsh Medical;**
**MRS. LOVETT, Security Officer, RMU Walsh;**
**C.O. SZAJER, Security Officer at RMU Walsh;**
**C.O. GARDNER, C.O. with stick Sgt. Officer;**
**NURSE DAVIS, Medication Nurse, RMU Walsh;**
**NURSE MILLER, RMU Walsh Medical;**
**MICHAEL MAHER, Acting Superintendent,**
**RMU Walsh Medical; and MARIA TIRONE,**
**Deputy Supt. for Program, Upstate Correctional**
**Facility,**

                        **Defendants.**
_____

**APPEARANCES**

**WOODROW FLEMMING**
**03-A-5259**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

The Clerk of the Court has sent Plaintiff Woodrow Flemming's civil rights complaint, *see* Dkt. No. 1, and his application to proceed *in forma pauperis*, *see* Dkt. No. 2, to the Court for its review.

In his complaint, Plaintiff claims that his constitutional and statutory rights were violated during his confinement at Walsh Regional Medical Unit at Mohawk Correctional Facility ("Walsh RMU") and at Upstate Correctional Facility.  Plaintiff names twenty individuals, who are employees of the New York State Department of Correctional Services, as Defendants in this action.[1]

This is the twelfth action that Plaintiff has filed in this District since February 2004. Three of those actions are pending.  The Court dismissed the other actions because Plaintiff failed to state a claim and/or because he failed to file pleadings that clearly delineated his claims against the individuals he named therein.  As discussed below, this action appears to be Plaintiff's

---

[1] It appears that Plaintiff also intended to name Glenn S. Goord, Donald Selsky and Dr. Lester Wright as Defendants.  Although he lists these individuals in the caption of his complaint and identifies them in the body of his complaint, he did not list them as Defendants in paragraph 3 of this complaint.  *See* Dkt. No. 1 at 1, 10.

further attempt to file a proper pleading with respect to the claims that he first asserted in

*Flemming v. Wright*, 9:06-CV-86.

## II. DISCUSSION

**A.     Application to proceed *in forma pauperis***

After reviewing the information that Plaintiff provided in his *in forma pauperis*

application, *see* Dkt. No. 2, the Court concludes that he has set forth sufficient economic need to

commence this action without payment of the filing fee.

**B.     Sufficiency of the complaint**

Since the Court has determined that Plaintiff meets the financial criteria required to

commence this case *in forma pauperis*, the Court must consider the sufficiency of the complaint

in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that, when a plaintiff seeks to proceed *in

forma pauperis*,

> the court shall dismiss the case at any time if the court determines
> that –
>
> * * * * * *
>
> (B) the action . . .
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be
>     granted; or
>     (iii) seeks monetary relief against a defendant who
>     is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Thus, even if a plaintiff meets the financial criteria required to commence an action *in*

*forma pauperis*, it is the Court's responsibility to determine that a plaintiff may properly maintain the action in the District before it may permit the plaintiff to proceed with his action *in forma pauperis.  See id.*

In addition, the complaint must satisfy the basic pleading requirements of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  *See* Fed. R. Civ. P. 8(a)(2).  Rule 10 of the Federal Rules of Civil Procedure provides that the plaintiff must set forth each of his claims separately in sequentially numbered paragraphs in order to facilitate the clear presentation of the matters about which he complains.  *See* Fed. R. Civ. P. 10(b).  A complaint that fails to comply with these Rules presents no meaningful basis upon which the Court can assess the sufficiency of the plaintiff's claims.

In reviewing Plaintiff's complaint, the Court is mindful of its obligation to construe *pro se* pleadings liberally, *see Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), and to exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted).

Based upon the Court's review of the complaint, it appears that Plaintiff's claims arise out of an incident that occurred on March 21, 2004, at Walsh RMU.  *See* Dkt. No. 1 at 8, 14.  According to Plaintiff, Defendant Durrante required him to stand while his cell was searched.  Plaintiff states that he was physically unable to stand for that period of time and that he fell and suffered serious injuries.  Plaintiff claims that Defendant Durrante knew about his condition and that he acted with deliberate indifference to his serious medical needs in denying him a place to

sit during the cell search.  *See id.* at 14.  Plaintiff also contends that he was denied prompt and adequate care for his injuries.  *See id.* at 15.

Moreover, Plaintiff asserts that, following a disciplinary action, he was transferred to the Special Housing Unit at Upstate Correctional Facility.  Plaintiff claims that the disciplinary action that resulted in his transfer violated his constitutional rights and that medical personnel at Upstate Correctional Facility denied him proper and adequate care.  *See id.* at 19-20.  Finally, it appears from the complaint that Plaintiff sought relief on at least some of these claims in an Article 78 proceeding he filed in New York Supreme Court.  *See id.* at 12-13.

As noted, Plaintiff commenced another action in this District in January 2006 against the individuals that he names as Defendants in this action.  *See Flemming v. Wright*, 9:06-CV-86.  In a Decision and Order dated February 22, 2006, Judge Sharpe determined that Plaintiff's complaint in that case, as drafted, was not sufficient because it was only partially legible and because it did not appear that Plaintiff had set forth allegations regarding each defendant's wrongful conduct.  *See id.* at Dkt. No. 4.  Therefore, Judge Sharpe provided Plaintiff with an opportunity to file an amended complaint, which he did, *see* Dkt. No. 5.  However, Judge Sharpe dismissed that pleading because Plaintiff had simply repeated the conclusory allegations that Judge Sharpe had found deficient in his original complaint and, accordingly, had not set forth sufficient facts to state claims against the named defendants.  *See id.* at Dkt. No. 7.  Plaintiff, thereafter, filed a motion to vacate the judgment of dismissal, claiming that he had complied with the Court's prior Orders and seeking review of a second amended complaint.  *See id.* at Dkt. No. 9.  In a Decision and Order dated August 15, 2006, Judge Sharpe denied the motion to vacate. *See id.* at Dkt. No. 12.

Upon review of the complaint in this action, the Court finds that Plaintiff has undertaken in good faith to draft a pleading that complies with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and that sets forth specific allegations of misconduct and/or wrongdoing on the part of the named Defendants.  Therefore, the Court concludes that it should postpone further consideration of the sufficiency of Plaintiff's claims until the "[Defendants have] been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson*, 700 F.2d at 41 (citations omitted).

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that the Clerk of the Court shall revise the Docket to reflect that Glenn S. Goord, Donald Selsky and Dr. Lester Wright are Defendants in this action; and the Court further

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.[2]  The Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon Defendants.  In addition, the Clerk of the Court shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's authorization form, *see* Dkt. No. 3, and notify that official that Plaintiff has filed this action and is required to pay the

---

[2] The Court advises Plaintiff that, although it is granting his application to proceed *in forma pauperis*, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization

form to the Financial Deputy of the Clerk's Office; and the Court further

**ORDERS** that Defendants or their counsel shall file a response to the complaint as

provided for in the Federal Rules of Civil Procedure after service of process on Defendants; and

the Court further

**ORDERS** that the parties to this action shall file all pleadings, motions and other

documents relating to this action with the Clerk of the United States District Court, Northern

District of New York, James Hanley Federal Building and Courthouse, 7th Floor, 100 South

Clinton Street, Syracuse, New York 13261-7367. **A party must accompany any paper that it**

**sends to the Court or to the Clerk of the Court with a certificate showing that the party has**

**mailed a true and correct copy of the same to all opposing parties or their counsel. The**

**Clerk of the Court will return, without processing, any document that the Court or the**

**Clerk of the Court receives which does not include a proper certificate of service.** Plaintiff

must comply with any requests of the Clerk's Office for any documents that are necessary to

maintain this action. All parties must comply with this District's Local Rule 7.1 in filing

motions, which must be returnable before the assigned Magistrate Judge with proper notice as the

Rules require. **Plaintiff is also required to notify the Clerk's Office and all parties or their**

**counsel of any change in his address promptly; his failure to do so will result in the**

**dismissal of this action.**  The Court will decide all motions on submitted papers without oral

argument unless the Court orders otherwise; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by

regular mail.

**IT IS SO ORDERED.**

Dated:  October 20, 2006
        Syracuse, New York

                                    _____
                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge