**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WOODROW FLEMMING,

                              Plaintiff,

          - v -                                                 Civ. No. 9:06-CV-0809
                                                                        (FJS/RFT)

MRS. ROSADRO, *Head of RMU Medical*, *et al.*,

                              Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff, *Pro Se*
03-A-5259
Upstate Correctional Facility
P.O. Box 2001
Malone, N.Y.

HON. ANDREW M. CUOMO                   MEGAN M. BROWN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Woodrow Flemming brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his rights under the Eighth and Fourteenth Amendments to the United State Constitution. Dkt. No. 1, Compl. The Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12 of the Federal Rules of Civil Procedure.

Dkt. No. 38, Defs.' Mot. to Dismiss. Plaintiff opposes this Motion.[1] Dkt. No. 41, Pl.'s Opp. to Defs.' Mot. to Dismiss. For the reasons stated herein below, it is recommended that Defendants' Motion to Dismiss be **granted** for failure to state a claim.

## I. BACKGROUND

Plaintiff is an inmate incarcerated in the Upstate Correctional Facility located in Malone, New York. Compl. at p. 1. The factual basis for Plaintiff's Complaint, to the extent discernible,[2] is that on or about March 21, 2004, he was not afforded a seat to sit on during a search of his cell, and as a result, he fell to the ground and injured himself. *Id*. at p. 14. Plaintiff states that he "fell with his walker" as a result of the "negligence of C.O. Durrante and [the] medical staff that was on duty." *Id*. at p. 15. Plaintiff also complains that he was wrongly placed in the Special Housing Unit (SHU) given his medical condition and was wrongly transferred from Walsh Medical Facility to Upstate Correctional Facility. *Id*. at pp. 11 & 8.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Furthermore, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff."

---

[1] Plaintiff's submission in response to Defendants' Motion to Dismiss was labeled "Cross Motion for Summary Judgment." *See* Dkt. No. 41. Defendants ask this Court to consider Plaintiff's Cross-Motion as simply opposition to their dispositive Motion due to the fact that no discovery had been exchanged and because they feel the Cross-Motion fails to comport with this Court's Local Rules. Dkt. No. 44. The Court agrees with Defendants and finds it proper at this moment to treat Plaintiff's submission as his Response in opposition to the Motion to Dismiss.

[2] As the Defendants note in their Memorandum of Law in Support of the Motion to Dismiss (Dkt. No. 38), Plaintiff's Complaint is illegible at certain points and unintelligible at others. *See generally* Comp. We have construed Plaintiff's Complaint to raise all possible constitutional claims that are reasonably related to the facts stated therein.

*Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citations omitted).  Additionally, "[i]n assessing the legal sufficiency of a claim [under 12(b)(6)], the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." *Green v. New York State Dep't of Corr. Servs.*, 2003 WL 22169779, at *1 (N.D.N.Y. Aug. 27, 2003) (internal quotation marks and citations omitted) (alterations in original).

Pleadings submitted by *pro se* litigants "should be 'construed liberally,' *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam)," and a complaint "should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations[,]'" *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).  A "dismissal on the pleadings is never warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Phillips v. Girdich*, 408 F.3d at 128.

### B. Eighth Amendment Claim

Plaintiff alleges that Defendant C.O. Durrante forced him to stand during the search of his cell, causing him to fall and injure himself, though he does not state what specific injuries resulted from the fall.  Compl at p. 15.  Plaintiff further alleges that the "medical staff" failed to adequately treat the injuries he allegedly sustained.  *Id*.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d

Cir. 2003)). To prove a violation of the Eighth Amendment, the Second Circuit stated that an inmate must show,

> (1) that the deprivation alleged is "objectively sufficiently serious" such that the plaintiff was denied "the minimal civilized measure of life's necessities," and (2) that the defendant official possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain."

*Trammell v. Keane*, 338 F.3d at 161 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Punishments prohibited by the Eighth Amendment include those that are "grossly disproportionate" to the severity of the crime including unnecessary and wanton inflictions of pain which are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citations omitted); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002).

Plaintiff's claim against Defendant C.O. Durrante, even considering all facts and construing all arguments in Plaintiff's favor, is not viable under the Eighth Amendment. The record reflects that Plaintiff's cell was searched, at which point he was forced to stand using his walker as support. Compl. at p. 15. Plaintiff's subsequent accidental fall does not create a valid Eighth Amendment claim. *See Graham v. Poole*, 476 F. Supp. 2d 257 (W.D.N.Y. 2007) (claim of plaintiff who fell after he slipped in the shower due to the absence of non-slip mats was dismissed because allegations of negligence are not actionable under the Eighth Amendment). Plaintiff does not allege that Durrante intended to cause any injury or unnecessary pain; nor are there sufficient facts plead to conclude that Durrante's alleged denial of a seat to Plaintiff might have been wanton, reckless or even negligent for that matter. In short, Plaintiff's conclusory claim that Durrante is responsible for his fall is not a claim upon which relief can be granted. *See Bell. Atl. Corp. v. Twombly*, 127 S.Ct. at 1958-59 (stating that a valid claim must have enough factual allegations "to raise a right to relief above the speculative level"). Also, Plaintiff has failed to alleged his injury was sufficiently serious under the

objective prong of the Eighth Amendment test, just as he has failed to allege that any of the Defendants acted with the requisite culpability under that standard.

Plaintiff's deliberate indifference claim against the medical staff is similarly hollow. There are no facts plead to indicate what his medical needs were,[3] nor how those needs were neglected, nor which members of the staff were involved in the failure to adequately treat him. *See generally* Compl.

Although it is incumbent upon us to construe this *pro se* Plaintiff's Complaint in the light most favorable to him, we cannot interject allegations that have not been plead. *Jemzura v. Pub. Serv. Comm'n,* 961 F. Supp. 406, 413 (N.D.N.Y. 1997) (citing *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) for the proposition that "[e]ven a *pro se* Complaint must be dismissed if it contains only conclusory, vague or general allegations") (internal quotation marks omitted). For all of the aforementioned reasons, we recommend that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims be **granted**.

### C. Due Process Claim

Although it is unclear, it appears that Plaintiff is asserting violations of his due process rights because of his confinement in SHU, the rejection of his state court claim, and his transfer from Walsh Medical Facility to Upstate Correctional Facility. *See* Compl. at pp. 11-13. Plaintiff offers no factual allegations as to why his SHU confinement was unconstitutional or otherwise improper, nor does he indicate on what basis his due process rights were implicated by the denial of his state

---

[3] Plaintiff states that Defendants failed to take an x-ray or MRI of his injury, but he does not explain why those tests were necessary or what effect that omission had. Nonetheless, the failure to take an X-ray or MRI, without more, would not rise to a deliberate indifference claim. *See Perkins v. Obey*, 2003 WL 238036, at *8 (S.D.N.Y. Feb. 10, 2004) (stating that so long as the treatment is adequate, prisoners have no right to any specific form of treatment such as x-rays).

court claim or his transfer. Because Plaintiff's due process claims are conclusory at best, we recommend that the Defendants' Motion to Dismiss on these claims be **granted** as well. *See Jemzura v. Pub. Serv. Comm'n,* 961 F. Supp. at 413 (citations omitted).

### D. Personal Involvement & Qualified Immunity

The Defendants assert that Plaintiff's claims should be dismissed because he fails to identify how each Defendant was personally involved in the alleged constitutional violations. The Defendants also assert the affirmative defense of qualified immunity. However, because we find Plaintiff's constitutional claims to be without merit, we need not address these defenses.[4] *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries regarding qualified immunity.")

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 38) be granted, and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice, and it is further

**ORDERED**, that the Clerk of the Court terminate Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 41) as it has been construed to be Plaintiff's opposition to Defendants' Motion to Dismiss; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

---

[4] Similarly, Defenants' assertion that the Complaint should be dismissed for violating the Federal Rules of Civil Procedure 8 & 10 and their claim for a protective order will not be addressed.

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 15, 2008
        Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge