**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WOODROW FLEMMING,**

**Plaintiff,**

**v.**

                                                                  **9:06-CV-809**
                                                                       **(FJS/RFT)**

**MRS. ROSADRO, Head of RMU Medical;**
**ANTHONY DURRANTE, Security, RMU Walsh**
**Medical; ANTHONY BOUCAUD, Deputy for**
**Administration, Upstate Correctional Facility;**
**DR. SHARMA, Head Medical Dr. at RMU Medical;**
**DR. BURDICK, Medical Doctor; LT. ADMIKS,**
**Hearing Lt. and acting Captain, RMU;**
**SGT. BISHOP, Sgt. for Security, Upstate**
**Correctional Facility; SGT. PIERCE, Security Sgt.,**
**RMU Walsh; N. SMITH, Nurse Administrator,**
**Upstate Correctional Facility; EVELYN**
**WEISSMAN, Head Medical Dr., Upstate**
**Correctional Facility; DEANA L. BUFFHAM,**
**Medical Medication Nurse, Upstate Correctional**
**Facility; NURSE BATIS, RMU Medical; LISA**
**O'BRYANT, Nurse, RMU Walsh Medical;**
**MRS. LOVETT, Security Officer, RMU Walsh;**
**C.O. SZAJER, Security Officer at RMU Walsh;**
**C.O. GARDNER, C.O. with stick Sgt. Officer;**
**NURSE DAVIS, Medication Nurse, RMU Walsh;**
**NURSE MILLER, RMU Walsh Medical;**
**MICHAEL MAHER, Acting Superintendent,**
**RMU Walsh Medical; MARIA TIRONE,**
**Deputy Supt. for Program, Upstate Correctional**
**Facility, GLENN S. GOORD, DONALD SELSKY,**
**and LESTER WRIGHT, Dr.,**

**Defendants.**

_____

**APPEARANCES**                                      **OF COUNSEL**

**WOODROW FLEMMING**
**03-A-5259**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **MEGAN M. BROWN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### ORDER

In a Report-Recommendation and Order dated January 15, 2008, Magistrate Judge Treece recommended that this Court grant Defendants' motion to dismiss Plaintiff's complaint without prejudice.  *See* Dkt. No. 59.  In response to these recommendations, Plaintiff filed a document that he referred to as "Plaintiff Amend Complaint, Memoran of Law in Support of Rule 8(a), 34, 37, 56(c), Pursuant 56.1, 56.2, 1871, 1988 and 1985."  *See* Dkt. No. 60.  After reviewing that document, the Court determined that it would consider the document to constitute Plaintiff's objections to Magistrate Judge Treece's recommendations.  *See* Text Order dated February 6, 2008.

As Magistrate Judge Treece noted, "Plaintiff's Complaint is illegible at certain points and unintelligible at others."  *See* Dkt. No. 59 at 2 n.2 (citation omitted).  The same is true of Plaintiff's objections to Magistrate Judge Treece's recommendations.  *See, generally,* Dkt. No. 60.  Nonetheless, the Court has reviewed these objections carefully and has construed them to

raise all arguments reasonably related to Plaintiff's claims and Magistrate Judge Treece's recommendations regarding the disposition of those claims.

In his objections, to the extent that the Court can decipher them, Plaintiff appears to make many of the same arguments that he made in opposition to Defendants' motion to dismiss. The Court finds such objections without merit for the same reasons that Magistrate Judge Treece rejected those arguments in his Report-Recommendation and Order. Moreover, to the extent that Plaintiff is requesting leave to file an amended complaint, the Court denies that request based upon a review of his proposed amendments as futile. *See Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (holding that "a motion for leave to amend a complaint may be denied when amendment would be futile" (citation omitted)).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's January 15, 2008 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY for the reasons stated therein**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE;** and the Court further

---

[1] The Court notes that, the document that Plaintiff filed entitled "Amend Complaint," *see* Dkt. No. 60, would be subject to dismissal as an amended pleading for a number of reasons, including the fact that it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure or this Court's Local Rules for such a pleading. Moreover, it suffers from the same deficiencies as Plaintiff's original complaint in that it does not state a claim upon which this Court can grant relief.

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and

close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2008
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge